IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN J. McCARTHY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 06-483-GPM |
| | ) |
| DIRECTOR OF THE FEDERAL | ) |
| BUREAU OF PRISONS, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This cause is before the Court on Petitioner's motion to proceed *in forma pauperis*. Petitioner, an inmate in the United States Penitentiary at Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his 1992 conviction in the United States District Court for the District of Connecticut.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

Petitioner acknowledges that the proper method of challenging his conviction is by a motion

under 28 U.S.C. § 2255, filed in the court of conviction. He states that he filed such a motion, but there has been no ruling on it; therefore, he feels that his only recourse is to proceed under § 2241. A review of the docket in Connecticut indicates that Petitioner is incorrect. Not only was his § 2255 motion dismissed, *see McCarthy v. United States*, Case No. 99-CV-237 (D.Conn., filed Feb. 4, 1999), but he was subsequently denied leave to file a second or successive § 2255 motion. *See McCarthy v. United States*, Case No. 05-8032-mp ($2^d$ Cir., mandate issued Apr. 6, 2006). *See generally United States v. McCarthy*, Case No. 92-CR-70 (D.Conn., filed Dec. 17, 1992).

The fact that Petitioner may be barred from bringing a section 2255 motion is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior Section 2255 motion). Further, "[f]ailure to comply with the requirements of the § 2255 statute of limitations is not what Congress meant when it spoke of the remedies being 'inadequate or ineffective to test the legality of his detention.'" *Montenegro v. U.S.*, 248 F.3d 585 (7th Cir. 2001), *overruled on other grounds*, *Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001).[1] *See also Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000); *United States v. Barrett*, 178 F.3d 34, 49- 50 (1st Cir. 1999), *cert. denied*, 528 U.S. 1176 (2000); *Triestman v. United States*, 124 F.3d 361, 376 ($2^d$ Cir. 1997); *In re Dorsainvil*, 119 F.3d 245, 251 ($3^d$ Cir. 1997). Instead, a petitioner under Section 2241 must demonstrate the inability of a Section 2255 motion to cure the defect in the conviction.

In *Davenport*, the Seventh Circuit considered the meaning of "inadequacy" for purposes of

---

[1] *Ashley* overruled only Part III of *Montenegro*. *Ashley* held that a decision that a right initially recognized by Supreme Court is retroactively applicable to cases on collateral review, as will begin one-year limitations period under Antiterrorism and Effective Death Penalty Act (AEDPA), can be made by a Court of Appeals or a district court, as well as by Supreme Court. *Ashley*, 266 F.3d at 674.

§ 2255.  The Circuit stated that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as ***having been imprisoned for a nonexistent offense***."  *Davenport*, 147 F.3d at 611 (emphasis added).

> Every court that has addressed the matter has held that § 2255 is "inadequate or ineffective" only when a structural problem in § 2255 forecloses even one round of effective collateral review – and then only when as in *Davenport* the claim being foreclosed is one of actual innocence.  *See, e.g., Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538-39 (3ᵈ Cir. 2002); *In re Jones*, 226 F.3d 328, 333-34 (4ᵗʰ Cir. 2000); *Reyes-Requena v. United States*, 243 F.3d 893, 902-03 (5ᵗʰ Cir. 2001); *United States v. Peterman*, 249 F.3d 458, 462 (6ᵗʰ Cir. 2001); *Wofford v. Scott*, 177 F.3d 1236, 1244 (11ᵗʰ Cir. 1999).

*Taylor v. Gilkey*, 314 F.3d 832, 835-36 (7ᵗʰ Cir. 2002).

When, then, may a petitioner successfully argue that he is "actually innocent" under *Davenport*?  The Seventh Circuit clarified this standard by stating that "actual innocence" is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)."  *Kramer v. Olson*, 347 F.3d 214, 218 (7ᵗʰ Cir. 2003).  Such is not the case here.  Petitioner does not suggest that the charged conduct is no longer a crime.  To the contrary, Petitioner merely asserts that he was denied effective assistance of counsel at certain stages in the proceedings; this is an argument that could and should be raised in a § 2255 proceeding.

Therefore, § 2241 cannot provide Petitioner with the desired relief, and this action is

summarily **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

DATED:  07/28/06

s/ G. Patrick Murphy  
G. PATRICK MURPHY  
Chief United States District Judge